**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ISHMAEL BURK, <br><br> Plaintiff, <br><br> v. <br><br> NEW JERSEY STATE POLICE, et al., <br><br> Defendants. | Case No. 3:19-CV-09261-BRM-TJB <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion to Dismiss (ECF No. 23) filed by defendants New Jersey State Police, Sergeant R.S. Costanzo ("Costanzo"), Trooper M.S. Sugzda ("Sugzda"), Trooper M.A. Montgomery ("Montgomery"), Trooper A.C. Stern ("Stern"), and Trooper M.D. Pieretti's ("Pieretti") (collectively, "Moving Defendants") seeking to dismiss Plaintiff Ishmael Burk's ("Plaintiff") Amended Complaint (ECF No. 16) pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, proceeding *in forma pauperis*, opposes the motion. (ECF No. 29.) Additionally, the Court screens the claims against defendant Trooper S.D. Tansey ("Tansey") (together with Moving Defendants, "Defendants") pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, and for good cause shown, Moving Defendants' Motion to Dismiss (ECF No. 23) is **GRANTED**, the claims against Tansey are **DISMISSED**, and the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

I.   **BACKGROUND**[1]

Plaintiff filed his initial complaint on April 1, 2019. (ECF No. 1.) Following a withdrawal of the complaint and reopening of the matter, Plaintiff filed a proposed amended complaint on December 5, 2019, against Defendants. (ECF No. 13.) On December 10, 2019, the Court granted Plaintiff's *in forma pauperis* application and ordered the Amended Complaint to be filed. (*See* ECF Nos. 14, 16.)

Plaintiff claims he was stopped by Costanzo and Pieretti on the corner of Elm Street and South Broad Street in Trenton, New Jersey while operating his vehicle. (ECF No. 16 at 3; ECF No. 23-2 at 4.) He was asked for his ID and insurance and provided both items to Costanzo and Pieretti. (*Id.*) He was then told to exit his vehicle because they "had a warrant." (*Id.*) After stepping out of his vehicle, Pieretti "punched" Plaintiff "in the face" and Costanzo "started to kick [him] yelling [at him to] stop resisting," to which Plaintiff replied he was not. (*Id.*) He alleges Tansey[2] and Montgomery arrived at the scene and "continued to beat [him]." (*Id.*) Montgomery pepper-sprayed Plaintiff in the face and Plaintiff yelled he could not see. (*Id.*) At some point, Plaintiff was placed in the back of Tansey's car. (*Id.*) Sugzda got in the back of the car along with Stern and both of them punched Plaintiff and continued to pepper-spray him in the eyes. (*Id.* at 4.) Plaintiff

---

[1] For the purposes of the Motion to Dismiss, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

[2] Although Tansey is listed as a defendant in the Amended Complaint (ECF No. 16 at 2), it does not appear Plaintiff submitted a USMS285 form for him or that he was served. Consequently, no appearance has been entered on his behalf. Nevertheless, because Plaintiff is proceeding *in forma pauperis*, the Court will screen the claims against Tansey *sua sponte*. *See* 28 U.S.C. § 1915(e)(2)(B).

2

alleges this lasted for "at least 5 minutes." (*Id.*) Thereafter, Plaintiff asked "for medical" because his "ribs, leg, back [and] head were hurting." (*Id.*) Pieretti said no and Plaintiff was then driven to the police station where "the beating continued." (*Id.*) Costanzo and Pieretti punched and kicked Plaintiff while Stern "held [plaintiff] down." (*Id.*) Following the incident, Plaintiff "ended up in the hospital with various [problems]." (*Id.*)

On May 11, 2020, Moving Defendants filed a motion to dismiss alleging Plaintiff's claim is time-barred. (ECF No. 23.) On June 17, 2020, Plaintiff filed an opposition brief and accompanying exhibit. (ECF Nos. 29 and 30.)[3]

## II.  LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

---

[3] In addition to the opposition brief (ECF No. 29), Plaintiff also filed a letter response in opposition to the Motion to Dismiss. (ECF No. 28.) The Court will consider Plaintiff's letter. *See Phillips v. Cty. of Essex Dep't of Citizen Servs.*, Civ. A. No. 1605807, 2020 WL 5810558, at *2 (D.N.J. Sept. 30, 2020) (considering plaintiff's various filings in light of plaintiff's *pro se* status).

3

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557)."Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In ruling on a motion to dismiss, courts are required to liberally construe pleadings drafted by *pro se* parties. *See Tucker v. Hewlett Packard, Inc.*, Civ. A. No. 14-4699, 2015 WL 6560645, at *2 (D.N.J. Oct. 29, 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Such pleadings are "held to less strict standards than formal pleadings drafted by lawyers." *Id.* Nevertheless, *pro se* litigants must still allege facts, which if taken as true, will suggest the required elements of any claim that is asserted. *Id.* (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). "To do so, [a plaintiff] must plead enough facts, accepted as true, to plausibly suggest entitlement to relief." *Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013) (citing *Bistrian*

4

*v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)). Liberal construction also does not require the Court to credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). That is, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Id.* (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)). *Herron v. Guralnick*, Civ. A No. 1917699, 2020 WL 3542344, at *2 (D.N.J. June 30, 2020).

### III.   DECISION

#### A.  Section 1983 Action

The Court construes Plaintiff to raise a § 1983 claim for excessive force. *See Ong v. Hudson Cty. Superior Court, New Jersey Law Div. Admin. Office*, 760 F. App'x 133, 135 (3d Cir. 2018), *cert. denied sub nom. Ong v. Hudson Cty. Superior Court*, 139 S. Ct. 1648 (2019) (providing that upon liberal construction of the complaint, amended complaint, and exhibits attached to them, the court found plaintiff "sought to assert § 1983 claims for use of excessive force").

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994); *Kelley*

5

*v. City Of Newark Police Dep't*, Civ. A. No. 07-1784, 2007 WL 1381745, at *2 (D.N.J. May 7, 2007).

Claims of excessive force during arrests, investigatory stops and other seizures are governed by the Fourth Amendment. *See Graham v. Conner*, 490 U.S. 386 (1989). "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." *Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir. 1999); *see also Graham*, 490 U.S. at 396–97 (providing that force used to effect an arrest must be reasonable, and reasonableness is measured by "careful attention to the facts and circumstances of each particular case"); *Rodriguez v. Trenton Police Dep't*, 828 F. App'x 851, 852 (3d Cir. 2020); *Alicea v. Johnson*, Civ. A. No. 11-3823, 2011 WL 6181906, at *2 (D.N.J. Dec. 9, 2011).

### B. The Statute of Limitations

Moving Defendants argue Plaintiff's § 1983 claim must be dismissed as barred by the statute of limitations. (*See* ECF No. 23-1.) Specifically, Moving Defendants argue the events in question occurred on October 19, 2016, in excess of two years prior to the filing of the original complaint on April 1, 2019. (*Id.* at 2–3.) Plaintiff offers several arguments in opposition. (*See* ECF No. 29.) Plaintiff argues he is from Pennsylvania, "not New Jersey" and did not know what the statute of limitations were in either state. (*Id.* at 3.) He also contends his injuries were "bad" after a concussion and should be taken into consideration by the Court. (*Id.*) Plaintiff further argues he was afraid to file suit because on October 21, 2016, he was stopped by police officers who threatened him and told him not to take further action against them. (*Id.*) As a result, Plaintiff alleges he was in fear for his life and his family's life. (*Id.* at 3.)

While the Amended Complaint does not set forth the date the alleged excessive force occurred, Moving Defendants contend the Court may review the criminal complaint authored by

6

Pieretti, as well as the judgment of conviction which establish the arrest and the alleged use of force occurred on October 19, 2016. (ECF No. 23-1 at 4.) The Court agrees. Indeed, while a court in considering a Rule 12(b)(6) motion is generally confined to the allegations of the complaint, that rule has exceptions:

> Although phrased in relatively strict terms, we have declined to interpret this rule narrowly. In deciding motions under Rule 12(b)(6), courts may consider 'document[s] integral to or explicitly relied upon in the complaint,' *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original), or any 'undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document,' *PBGC v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

*Johanna Ong v. Superior Court of Hudson Cty.*, Civ. A. No. 1606777, 2017 WL 2450281, at *2 (D.N.J. June 6, 2017), *aff'd sub nom. Ong v. Hudson Cty. Superior Court, New Jersey Law Div. Admin. Office*, 760 F. App'x 133 (3d Cir. 2018); *see also Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) ("However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'") (quoting *In re Burlington Coat Factory*, 114 F.3d at 1426); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Therefore, the Court, for purposes of addressing Moving Defendants' statute of limitations defense, will consider the criminal complaint and judgment of conviction, both of which establish the use of force occurred on October 19, 2016. (*See* ECF No. 23-2.) The Court now turns to the statute of limitations analysis for § 1983 claims.

Federal courts look to state law to determine the limitations period for § 1983 actions. *Wallace v. Kato*, 549 U.S. 384, 387–88 (2007) ("Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of

action arose. This is so for the length of the statute of limitations[.]"). A complaint under § 1983 is "characterized as a personal injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (citing *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989)). In New Jersey, § 1983 claims are subject to New Jersey's two-year statute of limitations on personal injury actions. *See id.* at 185. *See also* N.J. Stat. Ann. § 2A:142. Under federal law, a § 1983 cause of action accrues when the allegedly wrongful act occurred. *See Wallace*, 549 U.S. at 388 ("It is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.") (citations omitted). The statute of limitations is an affirmative defense that the defendants generally must plead and prove. *See Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (holding that the statute of limitations on civil rights claim is an affirmative defense). While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002), the Supreme Court observed in *Jones v. Bock*, 549 U.S. 199, 215 (2007), that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."

As previously discussed, the events in question giving rise to Plaintiff's excessive force claim occurred on October 19, 2016. (*See* ECF No. 23-2.) Plaintiff does not contest the date of the incident and in fact, concedes in his letter to the Court the "events occurred on October 19, 2016." (ECF No. 28 at 4.) There is no question Plaintiff would have had actual knowledge of the injury that constitutes the basis of his excessive force claim. *See Large v. Cty. of Montgomery*, 307 F. App'x 606, 607 (3d Cir. 2009); *Cooper v. Gloucester Cty. Corr. Officers*, Civ. A. No. 08-103, 2008 WL 305593, at *4 (D.N.J. Jan. 28, 2008). Therefore, knowledge of the alleged injuries

8

occurred on October 19, 2016. *See MacNamara v. Hess*, 67 F. App'x 139, 143 (3d Cir. 2003) (noting that any Fourth Amendment claim accrued on the same day as the allegedly unlawful search and seizure where plaintiffs were present at the search and had knowledge of the injury on that date) (citing *Rose v. Bartle*, 871 F.2d 331, 350 (3d Cir. 1989)); *Elozua v. State of N.J.*, Civ. A. No. 04-2029, 2008 WL 370926, at *5 (D.N.J. Feb. 11, 2008) (citing *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)). The applicable two-year statute of limitations expired on October 19, 2018, and therefore, Plaintiff's April 1, 2019 complaint was filed out of time. *See Whiting v. Bonazza*, 545 F. App'x 126, 130 (3d Cir. 2013); *Walters v. Muhlenburg Twp. Police Dep't*, 536 F. App'x 213, 216 (3d Cir. 2013).

Accordingly, Plaintiff's claim is time-barred, absent sufficient allegations justifying equitable tolling.

New Jersey statutes set forth certain bases for "statutory tolling." *See, e.g.*, N.J. Stat. Ann. § 2A:1421 (detailing tolling because of minority or insanity); N.J. Stat. Ann. § 2A:1422 (detailing tolling because of non-residency of persons liable). New Jersey law also permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. *See Carrillo v. Owen*, Civ. A. No. 195128, 2019 WL 4200438, at *3 (D.N.J. Sept. 5, 2019); *Freeman v. State*, 788 A.2d 867 (N.J. Super. Ct. App. Div. 2002) (citations omitted). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Id.* When state tolling rules contradict federal law or policy, in certain limited circumstances,

federal courts can turn to federal tolling doctrine. *See Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to his cause of action; (2) where the plaintiff has been prevented from asserting his claim as result of other extraordinary circumstances; or (3) where the plaintiff asserts his claims in a timely manner but has done so in the wrong forum. *Briggs v. Becker*, Civ. A. No. 1816773, 2019 WL 2022372, at *3 (D.N.J. May 8, 2019).

At best, Plaintiff appears to (1) claim ignorance of the law for bringing this matter belatedly in federal court and (2) claim fear of retaliation or harm from police officers following the October 21, 2016 incident in which Plaintiff was stopped by police officers who threatened him and told him not to take further action against them. (*See* ECF No. 29 at 3.)

First, ignorance of the law, even for a *pro se* prisoner, is not a sufficient excuse to relax the statute of limitations bar. *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001) (ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing). Indeed, courts have been loath to excuse late filings simply because a *pro se* prisoner misreads the law. *Randolph v. Sherrer*, Civ. A. No. 08-69, 2008 WL 918500, at *5 (D.N.J. Apr. 1, 2008) (citing *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001) and *Jones v. Morton*, 195 F.3d 153, 159–60 (3d Cir. 1999)); *Kelley v. City Of Newark Police Dep't*, Civ. A. No. 07-1784, 2007 WL 1381745, at *4 (D.N.J. May 7, 2007) (providing that, ignorance of the law and incarceration are insufficient excuses and cannot be used "to relax the statute of limitations bar in this instance").

Second, the Court is not persuaded by Plaintiff's argument he is entitled to equitable tolling following threats by police officers who told Plaintiff not to take further action against them. Indeed, in Plaintiff's letter to the Court, Plaintiff asserts that in February of 2018, he hired an

attorney from Pennsylvania to file a complaint against Defendants "but it never happen[ed]." (ECF No. 28.)[4] Therefore, it would appear Plaintiff's fear did not actually prevent him from seeking counsel. *See Sosa v. Wheeler*, Civ. A. No. 14-1839, 2014 WL 1493396, at *3 (D.N.J. Apr. 16, 2014) (finding tolling did not apply where plaintiff could not demonstrate the officer induced or tricked plaintiff into not commencing a legal action).

Further, to the extent Plaintiff argues he is entitled to equitable tolling because he could not obtain the names of the officers involved in the October 19, 2016 incident, the Court rejects this argument. Plaintiff was more than capable of filing a timely claim against unidentified "John Doe" defendants. *See Valdez v. Schillari*, Civ. A. No. 16-2943, 2017 WL 6619328, at *5 (D.N.J. Dec. 27, 2017) (finding plaintiff could have filed a timely claim against unidentified "John Doe" defendants "despite [officer's] failure to provide Plaintiff with the investigative reports or names of the officers involved. [The officer's] alleged actions do not justify equitable tolling nor do they violate a federal statutory or constitutional right.").

Finally, to the extent Plaintiff argues he did not discover or know the full extent of his injuries until months after the incident when he learned, for example, "he suffers from PTSD" and other psychological issues (*see* ECF No. 28 at 2–3),[5] the Court finds the argument unavailing. The

---

[4] Moreover, "attorney error, miscalculation, inadequate research or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Valdez v. Schillari*, Civ. A. No. 16-2943, 2017 WL 6619328, at *5 (D.N.J. Dec. 27, 2017) (quoting *Fahy v. Horn*, 240 F.3d 239, 244 (3d. Cir.), *cert. denied*, 534 U.S. 944 (2001)).

[5] Plaintiff alleges he tried to commit suicide and was placed in a "facility for [seven] months in Pennsylvania." (ECF No. 28 at 2; *see id.* at 9, Plaintiff's intake treatment plan from mental facility dated December 23, 2016 attached to his letter to the Court).) Even assuming Plaintiff's mental disability tolled the limitations period for any claim that accrued during that time period, the Court finds Plaintiff's claim subject to the two-year limitations period was still untimely when it was filed in April of 2019. *See Bhatt v. Hoffman*, Civ. A. No. 15-005, 2020 WL 5593761, at *5 (D.N.J. Sept. 17, 2020). Plaintiff himself asserts he contacted an attorney in Pennsylvania in February of 2018 to pursue his claim against Defendants. Therefore, the Court will not find Plaintiff's

Third Circuit has made clear a "cause of action accrues even though the full extent of the injury is not then known or predictable." *Montalban v. Powell*, 799 F. App'x 111, 112 (3d Cir. 2020).

The Court finds Plaintiff fails to articulate any basis for equitable tolling. Accordingly, Plaintiff's excessive force claim as asserted in the Amended Complaint is time-barred and Moving Defendants' Motion to Dismiss the Amended Complaint is **GRANTED**. Because the statute of limitations bars Plaintiff's claims, all claims against Tansey are barred as well and are dismissed *sua sponte*. *See* 28 U.S.C. § 1915(e)(2)(B). The Amended Complaint is **DISMISSED** in its entirety.

### IV. CONCLUSION

For the reasons set forth above, Moving Defendants' Motion to Dismiss is **GRANTED,** the claims against Tansey are screened and **DISMISSED**, and the Amended Complaint is **DISMISSED WITHOUT PREJUDICE** against all Defendants.[6]

Dated: December 21, 2020

>  */s/ Brian R. Martinotti*
>  **BRIAN R. MARTINOTTI**
>  **UNITED STATES DISTRICT JUDGE**

---

placement in the mental facility has "in some extraordinary way" prevented him from asserting his rights. *See Scales v. Newark Police Dep't*, Civ. A. No. 16-413, 2016 WL 1435716, at *3 (D.N.J. Apr. 12, 2016) ("Neither a mental disability shy of incompetence nor being under restraints which do not totally retard an individual's ability to file his case are in and of themselves sufficient to warrant equitable tolling.").

[6] In light of the fact Plaintiff is appearing *pro se*, and in an abundance of caution, the Court dismisses the Amended Complaint without prejudice. *Batista v. Countrywide Home Loans, Inc.*, Civ. A. No. 14-2369, 2014 WL 11395164, at *2 (D.N.J. Sept. 30, 2014).