<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

**ISHMAEL A. BURK**,

                Plaintiff,

         v.

**NEW JERSEY STATE POLICE**, *et al.*,

              Defendants.

Civil Action No. 19-9261 (ZNQ) (TJB)

**OPINION**

---

<u>**QURAISHI, District Judge**</u>

    **THIS MATTER** comes before the Court upon a Motion to Dismiss filed by Defendants New Jersey State Police, Sergeant R.S. Costanzo ("Costanzo"), Trooper M.S. Sugzda ("Sugzda"), Trooper M.A. Montgomery ("Montgomery"), Trooper A.C. Stern ("Stern"), and Trooper M.D. Pieretti ("Pieretti") (collectively, "Defendants"). ("Motion", ECF No. 57). In support of their Motion, Defendants filed a Moving Brief. ("Moving Br.", ECF No. 57-3.) Plaintiff Ishmael Burk ("Plaintiff"), proceeding *in forma pauperis*, filed a brief in Opposition to Defendants' Motion ("Opp'n", ECF No. 58), to which Defendants replied ("Reply", ECF No. 59).

    The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT Defendants' Motion and dismiss Plaintiff's Second Amended Complaint with prejudice.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his initial complaint on April 1, 2019.  (ECF No. 1.)  Following a withdrawal of the complaint and reopening of the matter, Plaintiff filed a proposed amended complaint on December 5, 2019.  (ECF No. 13.)  On December 10, 2019, the Court granted Plaintiff's *in forma pauperis* application and ordered the Amended Complaint to be filed.  (*See* ECF Nos. 14, 16.)

Plaintiff claims he was stopped by Costanzo and Pieretti on the corner of Elm Street and South Broad Street in Trenton, New Jersey while operating his vehicle.  ("FAC", ECF No. 16 at 3.[1])  He was asked for his ID and insurance and provided both items to Costanzo and Pieretti.  (*Id.*)  He was then told to exit his vehicle because they "had a warrant."  (*Id.*)  After stepping out of his vehicle, Pieretti "punched" Plaintiff "in the face" and Costanzo "started to kick [him] yelling [at him to] stop resisting," to which Plaintiff replied he was not.  (*Id.*)  He alleges Officer Tansey ("Tansey") and Montgomery arrived at the scene and "continued to beat [him]."  (*Id.*)  Montgomery pepper-sprayed Plaintiff in the face and Plaintiff yelled he could not see.  (*Id.*)  At some point, Plaintiff was placed in the back of Tansey's car.  (*Id.*)  Sugzda got in the back of the car along with Stern and both of them punched Plaintiff and continued to pepper-spray him in the eyes.  (*Id.* at 4.)  Plaintiff alleges this lasted for "at least 5 minutes."  (*Id.*)  Thereafter, Plaintiff asked "for medical" because his "ribs, leg, back [and] head were hurting."  (*Id.*)  Pieretti denied Plaintiff medical attention and was then driven to the police station where "the beating continued."  (*Id.*)  Costanzo and Pieretti punched and kicked Plaintiff while Stern "held [plaintiff] down."  (*Id.*)  Following the incident, Plaintiff "ended up in the hospital with various [problems]."  (*Id.*)

On May 11, 2020, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) which argued that Plaintiff's claim is barred by New Jersey's two-year statute

---

[1] The Court refers to the First Amended Complaint for some factual matters because the Second Amended Complaint is incomplete.

of limitation for § 1983 excessive force claims.  (ECF No. 23-1, at 2.)  In its Order filed December 21, 2020, the Court dismissed Plaintiff's claims without prejudice after it found that his claims were in fact time-barred absent sufficient allegations justifying equitable tolling.  (ECF No. 34.) *Burk v. New Jersey State Police, et al.*, Civ. No. 19-9261, 2020 WL 7488899 at *5 (D.N.J. Dec. 21, 2020).

On February 22, 2021, Plaintiff submitted a Second Amended Complaint.  ("SAC", ECF No. 42.)  The SAC alleges that Plaintiff defeats the statute of limitations on three grounds: (1) the Plaintiff contests the date on which the facts of this case arose because the date is actually unknown; (2) Plaintiff suffered a concussion and/or brain damage that he only discovered sometime in 2019; and (3) Plaintiff was threatened into silence by unnamed individuals at an unspecified time.  (SAC at 1–3.)

In their Motion to Dismiss, Defendants argue that the Court has already recognized that the events that gave rise to this action occurred on October 19, 2016, which reinforces the Court's most recent order dismissing Plaintiff's claim as time-barred.  (Moving Br. at 2.)  Defendants also argue that the Court has already addressed Plaintiff's attempts to claim equitable tolling in its most recent opinion.  (*Id.* at 3.)  The SAC alleges no further facts that would justify equitable tolling so the Court should once again dismiss Plaintiff's SAC for failure to state a claim upon which relief can be granted.  (*Id.*)

## II.    LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]."  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).  "[A] complaint attacked by a . . . motion to dismiss

does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In ruling on a motion to dismiss, courts are required to liberally construe pleadings drafted by *pro se* parties. *See Tucker v. Hewlett Packard, Inc.*, Civ. No. 14-4699, 2015 WL 6560645, at *2 (D.N.J. Oct. 29, 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Such pleadings are "held to less strict standards than formal pleadings drafted by lawyers." *Id*. Nevertheless, *pro se* litigants must still allege facts, which if taken as true, will suggest the required elements of any claim that is asserted. *Id*. (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). "To do so, [a plaintiff] must plead enough facts, accepted as true, to plausibly suggest entitlement to relief." *Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013) (citing *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)). Liberal construction also does not require the Court to credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). That is, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Id*. (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)). *Herron v. Guralnick*, Civ. No. 1917699, 2020 WL 3542344, at *2 (D.N.J. June 30, 2020).

## III.   **DISCUSSION**

### A.   **SECTION 1983 ACTION**

Plaintiff raises a § 1983 claim for excessive force. (SAC at 1.) Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress

42 U.S.C. § 1988.  Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994); *Kelley v. City of Newark Police Dep't*, Civ. No. 07-1784, 2007 WL 1381745, at *2 (D.N.J. May 7, 2007).

Claims of excessive force during arrests, investigatory stops and other seizures are governed by the Fourth Amendment.  *See Graham v. Conner*, 490 U.S. 386 (1989).  "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable."  *Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir. 1999); *see also Graham*, 490 U.S. at 396–97 (providing that force used to effect an arrest must be reasonable, and reasonableness is measured by "careful attention to the facts and circumstances of each particular case"); *Rodriguez v. Trenton Police Dep't*, 828 F. App'x 851, 852 (3d Cir. 2020); *Alicea v. Johnson*, Civ. No. 11-3823, 2011 WL 6181906, at *2 (D.N.J. Dec. 9, 2011).

**B.      STATUTE OF LIMITATIONS**

In its most recent Opinion, the Court addressed the statute of limitations for § 1983 excessive force claims.  *Burk*, 2020 WL 7488899 at *5.  Specifically, the Court explained that, "in New Jersey, § 1983 claims are subject to New Jersey's two-year statute of limitations on personal injury actions.  *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010); *see also* N.J. Stat. Ann. § 2A:142.  Under federal law, a § 1983 cause of action accrues when the allegedly wrongful act occurred.  *See Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("It is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the

plaintiff can file suit and obtain relief.") (citations omitted).   The statute of limitations is an affirmative defense that the defendants generally must plead and prove.   *See Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (holding that the statute of limitations on civil rights claim is an affirmative defense).   While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002), the Supreme Court observed in *Jones v. Bock*, 549 U.S. 199, 215 (2007), that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."

Construing the SAC liberally, Plaintiff appears to claim that he satisfies equitable tolling to overcome the statute of limitations because he (1) contests the date on which the facts of this case arose because the date is actually unknown; (2) claims that he suffered a concussion and/or brain damage that he discovered sometime in 2019; and (3) claims that he was threatened into silence by unnamed individuals at an unspecified time.  (SAC at 1–3.)

New Jersey statutes set forth certain bases for "statutory tolling."  *See, e.g.*, N.J. Stat. Ann. § 2A:1421 (detailing tolling because of minority or insanity); N.J. Stat. Ann. § 2A:1422 (detailing tolling because of non-residency of persons liable).  New Jersey law also permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.  *See Carrillo v. Owen*, Civ. No. 195128, 2019 WL 4200438, at *3 (D.N.J. Sept. 5, 2019); *Freeman v. State*, 788 A.2d 867 (N.J. Super. Ct. App. Div. 2002) (citations omitted).  "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare

situation where it is demanded by sound legal principles as well as the interests of justice." *Id.* When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. *See Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to his cause of action; (2) where the plaintiff has been prevented from asserting his claim as result of other extraordinary circumstances; or (3) where the plaintiff asserts his claims in a timely manner but has done so in the wrong forum. *Briggs v. Becker*, Civ. No. 1816773, 2019 WL 2022372, at *3 (D.N.J. May 8, 2019).

With respect to Plaintiff's first claim—contesting the date on which the facts of this case arose because the date is actually unknown—the Court has already held that "the events in question giving rise to Plaintiff's excessive force claim occurred on October 19, 2016." *Burk*, 2020 WL 7488899 at *4. Plaintiff does not contest the date of the incident and in fact, concedes in his letter to the Court the "events occurred on October 19, 2016." *Id.* The applicable two-year statute of limitations expired on October 19, 2018, and therefore, Plaintiff's April 1, 2019 complaint was filed after the statute of limitations had run. *See Whiting v. Bonazza*, 545 F. App'x 126, 130 (3d Cir. 2013); *Walters v. Muhlenburg Twp. Police Dep't*, 536 F. App'x 213, 216 (3d Cir. 2013).

With respect to Plaintiff's second and third claims—that he suffered a concussion and/or brain damage that he discovered sometime in 2019 and that he was threatened into silence by unnamed individuals at an unspecified time—the Court already addressed these in its previous opinion. *Burk*, 2020 WL 7488899 at *5–6. The Court unambiguously dismissed Plaintiff's equitable tolling claims with respect to his alleged injuries and his claim that law enforcement prevented him from filing his claim on the basis that the Court found these arguments unavailing. *Id.* The Court explained that Plaintiff's lack of knowledge of his injuries is unpersuasive because

a "cause of action accrues even though the full extent of the injury is not then known or predictable." *Id.* at *6 (quoting *Montalban v. Powell*, 799 F. App'x 111, 112 (3d Cir. 2020)). Secondly, the Court held that Plaintiff was not deterred from filing suit because he admittedly hired an attorney to file a complaint against Defendants. *Id.* at *5 (citing *Sosa v. Wheeler*, Civ. No. 14-1839, 2014 WL 1493396, at *3 (D.N.J. Apr. 16, 2014) (finding tolling did not apply where plaintiff could not demonstrate the officer induced or tricked plaintiff into not commencing a legal action)). These claims, however, remain in the SAC largely unchanged. (*See generally*, SAC.) Defendants drew this to the Court's attention in their moving papers (Moving Br. at 1), but Plaintiffs did not respond. To the extent that Plaintiff is attempting to relitigate these issues, the law of the case doctrine prevents them from doing so. *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 165 (3d Cir. 1981). There are certain exceptions to the law of the case doctrine, but none of them apply here. *See Conery v. Niccollai*, Civ. No. 92-840, 1998 WL 34076966, at *4 (D.N.J. Feb. 2, 1998). Although the Court recognizes the severity of Plaintiff's claims, the Court will again dismiss Plaintiff's § 1983 claim solely because it is time-barred. This dismissal will be with prejudice.

## IV.   <u>CONCLUSION</u>

For the reasons stated above, the Court will GRANT Defendants' Motion and dismiss Plaintiff's SAC with prejudice. An appropriate Order will follow.

Date: **January 25, 2023**

                                  s/ Zahid N. Quraishi
                                  **ZAHID N. QURAISHI**
                                  **UNITED STATES DISTRICT JUDGE**